MITCHELL v. MAURER.

1. BASTARDS—FATHER'S LIABILITY FOR SUPPORT—SUPPORT OF MOTHER.
   The father of an illegitimate child is chargeable with the confinement expenses and with the maintenance of the child with the assistance of the mother but is not liable for the support of the mother or to reimburse some social agency in whole or in part for its support of such mother (CL 1948, § 722.604).

2. SAME—SUPPORT OF CHILD—MODIFICATION OF DECREE.
   Cause is remanded for determination of amount social agency has expended for support of illegitimate child where record on appeal fails to show such amount, reservation being made of authority in the trial court to modify decree from time to time as facts may warrant and in keeping with pertinent statute (CL 1948, § 722.604).

3. COSTS—BASTARDS—MODIFICATION OF DECREE.
   No costs are allowed on appeal from decree entered in bastardy proceeding where decree ordered entered is still more than plaintiff had been willing to pay while cause was pending in trial court but less than amount such court had decreed.

Appeal from Wayne; Jayne (Ira W.), J.   Submitted June 7, 1950.   (Docket No. 30, Calendar No. 44,745.)   Decided September 11, 1950.

REFERENCES FOR POINTS IN HEADNOTES

[1] 7 Am Jur, Bastards, §§ 69, 80, 129, 131.
[1] Nonstatutory duty of father to support illegitimate child.   30 ALR 1069.
[2] Generally as to remand for additional findings, see 3 Am Jur, Appeal and Error, § 1215.
[2] Generally as to modification of decree, see 7 Am Jur, Bastards, §§ 130, 131.

Bill by Stanley Mitchell against Helen Maurer to fix support for illegitimate child. Decree fixing amount of support entered. Plaintiff appeals. Reversed and remanded for determination of amount of money expended on child by bureau of social welfare and entry of new decree.

*Harold V. Raymond,* for plaintiff.

*Louis C. Miriani (Anthony P. Marchese,* of counsel), for defendant.

DETHMERS, J. Plaintiff filed a bill of complaint under the provisions of section 12 of the act relating to illegitimate children (RS 1846, ch 42, §§ 1–12, as amended [CL 1948, § 722.601 *et seq.* (Stat Ann and Stat Ann 1949 Cum Supp § 25.451 *et seq.*)]) acknowledging himself to be the father of a child born out of wedlock to defendant and praying for entry of a decree providing for the support of such child. Plaintiff offered to pay $5 per week for support of the child and defendant desired $7 per week. As provided for in section 12, the friend of the court made an investigation followed by a report recommending to the court that plaintiff be required to pay $7 per week. To this recommendation the plaintiff and defendant were agreeable.

At the time of hearing defendant was unemployed and her sole income and means of support for herself and child was the sum of $86.43 per month furnished her by the aid to dependent children division of the Wayne county bureau of social aid. A supervisor of that bureau testified that said figure of $86.43 per month was arrived at by allocating $47.50 a month for maintenance of the mother and $37.05 for the child. The court entered a decree providing as follows:

"(2) That the said plaintiff, Stanley Mitchell, shall pay the sum of $65 each and every month for the support of said minor child. * * *

"(3) That the said sum of $65 per month payable by the plaintiff to the friend of the court for the county of Wayne shall in turn be paid by said friend of the court to the aid to dependent children as partial *reimbursement for funds expended* by said agency *in behalf of the defendant mother and said minor child.*"

It is apparent that the trial court fixed a sum to be paid by plaintiff to the friend of the court and by it to the aid to dependent children division to reimburse the latter for funds expended by it for the support of the child and in part for the support of the defendant. Under chapter 42, plaintiff's obligation extends only to becoming chargeable with the confinement expenses, already paid by plaintiff, and with the maintenance of such child with the assistance of the mother (section 4). There is no sanction in the statute for a decree or order requiring him to support the child's mother or to reimburse some social agency in whole or in part for its support of such mother.

Plaintiff may properly be required to reimburse the agency involved for expenditures previously made for the support of the child and to continue to reimburse it for such amounts as it is currently expending and in the future will expend for the support of that child. According to the record, the bureau of social welfare expends for the support of the child the sum of $37.05 per month. The total amount due the bureau on that account to reimburse it for sums heretofore expended for the support of the child does not appear from the record. The cause is therefore remanded for a determination of the amount of the latter item and entry of a decree in accord herewith, such decree to contain a reservation

in the trial court of authority to modify it from time to time as the facts may warrant and in keeping with section 4. No costs.

BOYLES, C. J., and REID, NORTH, BUTZEL, CARR, BUSHNELL, and SHARPE, JJ., concurred.